NO. 07-03-0060-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 5, 2003



______________________________




JONATHAN RAY GRIFFIN, SR.,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. TRN 9062308767; HONORABLE LEONARD GIBLIN, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ABATEMENT AND REMAND


 The court reporter for the 252nd Judicial District Court of Jefferson County has
requested a fourth extension of the deadline by which the reporter's record is to be filed
in this cause. The record initially was due on January 17, 2003, and the reporter sought
an extension of 120 days. We extended the deadline to May 30, 2003, per the request. 
Upon our receiving another request for an extension, the deadline was postponed to July
29, 2003. Thereafter, the reporter was given another extension until August 26, 2003. 
Now, an additional 60 days is sought, even though we informed the reporter when granting
the last extension that no further postponements would be granted. To date, the reporter
has had approximately eight months to complete the reporter's record, and has been
granted approximately seven months worth of extensions. Furthermore, the justification
posed for each extension involved the press of business; that is, the reporter represented
to this court that the record comprised of some 3500 pages and that she has been in trial
on almost a weekly basis since the beginning of the year. 

 Accordingly, we now abate this appeal and remand the cause to the 252nd District
Court of Jefferson County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether the appellant timely requested a reporter's record,

 2. whether the appellant is indigent and entitled to a free appellate record,

 3. if the appellant is not indigent or entitled to a free appellate record,
whether the appellant has paid for the record or made satisfactory
arrangements with the reporter for the payment of the reporter's record,


 4. whether any portion of the court reporter's notes and records have been
lost or destroyed and whether the delay in transcribing the notes and records
has effectively resulted in the loss or destruction of any portion of the
reporter's notes or records or the reporter's record itself (see Tex. R. App.
P. 34.6(f));


 5. if any portion of the reporter's notes or records are lost, whether the loss
occurred due to any fault of the appellant, whether the lost items are
necessary to the appeal's resolution, and whether the parties can agree on
a complete reporter's record, 


 6. the extent to which the appellant has been harmed and will be harmed by
the delay in preparing and filing of the reporter's record;


 7. the reason or reasons for the delay in the preparation and filing of the
reporter's record;


 8. the date on which the reporter's record reasonably can be completed,
and,


 9. whether the reporter's record can be completed within a reasonable time
without the appointment of an associate or deputy reporter to assist the court
reporter. 

 

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact addressing the foregoing issues, 2) cause to be developed a supplemental clerk's
record containing the findings of fact and all orders it may issue as a result of its hearing
on this matter, and 3) cause to be developed a reporter's record transcribing the evidence
and arguments presented at the aforementioned hearing. Additionally, the district court
shall then file the supplemental record with the clerk of this court on or before September
30, 2003. Should further time be needed by the trial court to perform these tasks, then
same must be requested before September 30, 2003.

 It is so ordered.

 Per Curiam


Do not publish.



idden="false"
 UnhideWhenUsed="false" Name="Light List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0425-CR

NO.
07-10-0426-CR

NO.
07-10-0427-CR

NO.
07-10-0428-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                   MAY
4, 2011

                                            ______________________________

 

                                                    PRESTON JAMES BYERLY,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                     FROM THE 432ND DISTRICT
COURT OF TARRANT COUNTY;

 

                                NOS. 1158634D;
1159402D; 1158631D; 1160317D;

 

HON. RUBEN GONZALEZ, PRESIDING

                                            ______________________________

 

Memorandum
Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Preston
James Byerly (appellant) appeals
his multiple convictions and judgments for aggravated robbery with a deadly
weapon.  Upon pleading guilty to the four
indictments, and after presenting punishment evidence, appellant was sentenced
to forty years in prison for each offense. 
Before us is appointed counsels motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit. 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counsels belief that there was no reversible error
and of appellants right to file a response pro se.  By letter dated March 11, 2011, this court
also notified appellant of his right to tender his own response and set April
11, 2011, as the deadline to do so.  To
date, no response has been filed.   

            In
compliance with the principles enunciated in Anders, appellate counsel
discussed six potential areas for appeal. 
They included 1) the adequacy of the indictments, 2) the trial courts
jurisdiction, 3) whether the open plea of guilty was valid, 4) trial court
error in denying appellants motion for new trial, 5) possible punishment error
including a discussion on cruel and unusual punishment and 6) disproportionate
sentencing.  However, counsel then
proceeded to explain why none of the issues required reversal on appeal.

            In
addition, we conducted our own review of the record to assess the accuracy of
appellate counsels conclusions and to uncover any reversible error pursuant to
Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).  After doing so, we concur with those conclusions.  

            Accordingly,
the motion to withdraw is granted, and the judgments are affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do not
publish.  

 











[1]See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).